

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 9, 1961

Honorable Ben D. Sudderth          Opinion No. WW-1011
County Attorney
Comanche County                    Re:  Whether a hospital dis-
Comanche, Texas                         trict, authorized by
                                        Section 8 of Article IX
                                        of the Texas Constitution,
                                        and Article 4494q-3 of
                                        Vernon's Civil Statutes,
                                        has the authority to tax
                                        property for the operation
                                        and maintenance of hospi-
Dear Mr. Sudderth:                      tal facilities therein.

        Your opinion request, after reference to Section 8 of
Article IX of the Texas Constitution and Article 4494q-3 of
Vernon's Civil Statutes, states as follows:

        ". . . The question now arises as to whether or
        not under the provision of such constitutional
        amendment and the enabling legislation passed
        in connection therewith, a hospital district
        created under the terms thereof within the con-
        fines of Precinct No. 4, Comanche County, Texas
        has the authority to tax property therein and
        use such tax money for the purpose of the opera-
        tion and maintenance of such hospital.  . . ."

        Section 8 of Article IX of the Texas Constitution pro-
vides, in part, that:

        "The Legislature may by law authorize the
        creation of a Hospital District to be co-extensive
        with the limits of County Commissioners Precinct
        No. 4 of Comanche County, Texas.

        "If such District is created, it may be
        authorized to levy a tax not to exceed seventy-
        five cents (75¢) on the One Hundred Dollar
        ($100) valuation of taxable property within the
        District; provided, however, no tax may be levied

until approved by a majority vote of the par-
ticipating resident qualified property tax-
paying voters who have duly rendered their pro-
perty for taxation. The maximum rate of tax
may be changed at subsequent elections so long
as obligations are not impaired, and not to
exceed the maximum limit of seventy-five cents
(75¢) per One Hundred Dollar ($100) valuation,
and no election shall be required by subsequent
changes in the boundaries of the Commissioners
Precinct No. 4 of Comanche County.

"If such tax is authorized, no political
subdivision or municipality within or having
the same boundaries as the District may levy a
tax for medical or hospital care for needy in-
dividuals, nor shall they maintain or erect
hospital facilities, but the District shall by
resolution assume all such responsibilities
and shall assume all of the liabilities and
obligations (including bonds and warrants) of
such subdivisions or municipalities or both.
The maximum tax rate submitted shall be suffi-
cient to discharge such obligations, liabilities,
and responsibilities, and to maintain and oper-
ate the hospital system, and the Legislature
may authorize the District to issue tax bonds for
the purpose of the purchase, construction, acquis-
ition, repair or renovation of improvements and
initially equipping the same, and such bonds shall
be payable from said seventy-five cent (75¢) tax.
The Legislature shall provide for transfer of title
to properties to the District. . . ."

From this Section of the Constitution the Legislature
may by statute provide for the creation of a hospital dis-
trict co-extensive with the limits of County Commissioners
Precinct No. 4 of Comanche County, and further provide that
the district may levy a tax, not to exceed the limit therein
prescribed, on taxable property within the district. There
is also constitutionally provided the authority for the
hospital district to assume the liabilities and obligations
of existing hospital facilities presently operated by the
county or city within the geographical limits of County
Commissioners Precinct No. 4.

Once the district assumes these liabilities and obliga-
tions the Constitution authorizes a tax rate sufficient to

discharge such obligations, etc., and to maintain and operate the hospital system.

The Legislature may authorize the district to issue tax bonds for the purpose of the purchase, construction, acquisition, repair or renovation of improvements and initially equipping the same, such bonds to be payable from the above mentioned tax.

Section 1 of Article 4494q-3 of Vernon's Civil Statutes provides that a district may be created with the "power to issue bonds for the sole purpose of purchasing a site for and the construction and initial equipping of a hospital system, and further the power to levy a tax of not to exceed seventy-five cents (75¢) on the One Hundred Dollar ($100) property valuation therein for the purpose of paying the principal and interest on such bonds."

The remaining Sections of Article 4494q-3 do not provide any authorization to the district to levy taxes. There is constitutional authority for the Legislature to enact the necessary statutes permitting a hospital district to levy a tax for the maintenance and operation of a hospital, however, by Article 4494q-3, Vernon's Civil Statutes, the Legislature has authorized the district to levy no other tax than for the purpose of paying the principal and interest on bonds which may be issued for the sole purpose above mentioned. Therefore, in answer to your inquiry, a hospital district created under Section 8 of Article IX of the Constitution would have no authority under existing statutes to tax property for the operation and maintenance of hospital facilities.

## S U M M A R Y

A hospital district, authorized by Section 8 of Article IX of the Texas Constitution and Article 4494q-3 of Vernon's Civil Statutes, has no statutory authority to tax property within the district for the purpose of the operation and maintenance of hospital facilities.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.

William H. Pool, Jr.
Assistant

WHPjr:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Leon F. Pesek
W. Ray Scruggs
Bob Eric Shannon
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt